UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEAN GAULDEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:07CV01637 ERW |
| CITY OF DESLOGE, MISSOURI, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants City of Desloge and St. Francois County's Motion to Dismiss Counts III of Plaintiff's Complaint [doc. #7].

**I. FACTUAL BACKGROUND**[1]

On September 25, 2004, Defendant Brandon Scherffius ("Defendant Scherffius"), a City of Desloge police officer, responded to a complaint by Plaintiff's neighbor, that Plaintiff had vandalized the neighbor's truck. Defendant Scherffius knocked on Plaintiff's door and requested that she come outside and speak with him. Without informing Plaintiff of the neighbors complaint, Defendant Scherffius forcibly yanked Plaintiff out of her home and dragged her from the house. Plaintiff's dogs began to bark, in response, Defendant Scherffius, released Plaintiff, and fired a number of shots at the dogs, and at least one round hit one of Plaintiff's dogs. Plaintiff then returned to the house to attend to the dog that was injured. Defendant Scherffius entered the home, handcuffed Plaintiff, and dragged her to the patrol car, where she was transported to the

---

[1]This matter is before the Court on a Motion to Dismiss, therefore the facts are taken from the Plaintiff's Complaint.

1

Desloge Police Department. Plaintiff alleges that during transportation to the Desloge Police Department, and after arriving at the facility, she was mistreated by Defendants Scherffius, Doe, Bentley, and Gerstenschlager (collectively "individual Defendants"), and that such mistreatment resulted in serious injuries to Plaintiff. In addition to Defendant Scherffius, Defendants Bentley, and Doe were also police officers employed by the City of Desloge, Missouri. Defendant Gerstenschlager was a police officer employed by the St. Francois County, Missouri.

## II. PROCEDURAL HISTORY

Plaintiff filed suit against Defendants alleging four counts. Count I alleges liability against the individual Defendants for violating Plaintiff's rights under 42 U.S.C. § 1983 and the Fourteenth Amendment. Count II alleges liability on the same basis as Count I against the City of Desloge and St. Francois County (collectively the "municipal Defendants"). Under Count III, Plaintiff alleges that the municipal Defendants violated 42 U.S.C. § 1983 under the doctrine of *respondeat superior*. Under Count IV, Plaintiff alleges common law assault and battery against boh the individual and municipal Defendants. On November 20, 2007, Defendants filed a Motion to Dismiss Count III for failure to state a claim; that motion is currently pending before this Court.

## III. LEGAL STANDARD

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F. 3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all

reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F. 3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007) (citing *Conley*, 355 U.S. at 47) (emphasis added by *Bell Atlantic Corp.*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)). Furthermore, "[t]he Court need not accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. MO. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

**IV. DISCUSSION**

Under Count III of Plaintiff's Complaint, Plaintiff alleges that the municipal Defendants are liable for the acts of their employees, the individual Defendants, under the theory of

*respondeat superior* liability. Defendants assert that there is no *respondeat superior* liability under §1983.

Title 42 U.S.C. §1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983. Although the municipalities and other local governmental bodies are "persons" under the meaning of §1983, governmental bodies may not be held liable solely based on the employer-employee relationship. *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) ("We also recognized that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor.") (citing *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978)). The 8th Circuit recognized this holding in *Vaughn v. Greene County, Arkansas*, holding that "it is well settled that the doctrine of *respondeat superior* is inapplicable to section 1983 claims." 438 F.3d 845, 851 (8th Cir. 2006); *See also Wever v. Lincoln County, Neb.*, 388 F. 3d 601, 606 (8th Cir. 2004), *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990), *Messimer v. Lockhart*, 702 F. 2d 729, 732 (8th Cir. 1983).

The municipal Defendants may be held liable under § 1983 for their own actions. *Board of County Commissioners of Bryan County, Oklahoma*, 520 U.S. at 403. However, the case law clearly states that they cannot be held liable under the doctrine of *respondeat superior* liability. Plaintiff's only response to Defendants' motion to dismiss, is that she is seeking a change in the law based on the dissent of Justice Breyer in *Board of County Commissioners of Bryan County*.

520 U.S. at 416. The Court declines to overturn well-established Supreme Court and Eighth Circuit precedent. Defendants' motion to dismiss Count III against the municipal Defendants is granted.

## V. CONCLUSION

Plaintiff has not alleged a claim upon which relief can be granted under Count III of Plaintiff's complaint. *Respondeat Superior* liability is not available under § 1983. Defendants' Motion to Dismiss Count III is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count III [doc. #7] is **GRANTED**.

Dated this 13th Day of March, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE