UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JEAN GAULDEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:07CV01637 ERW |
| CITY OF DESLOGE, MISSOURI, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Second Motion to Compel and for Sanctions Against Defendant Nathan Bentley and for Contempt [doc. #56].

## I.  BACKGROUND FACTS

Defendant Nathan Bentley ("Defendant Bentley") failed to appear at his first scheduled deposition on December 22, 2008. Subsequently, on January 9, 2009, this Court issued an Order, resetting the deposition of Defendant Bentley for 9:00 a.m. on February 2, 2009, at Schottel and Associates, P.C., and ordering Defendant Bentley to attend. Defendant Bentley again failed to appear at the February 2 deposition. Plaintiff Jean Gaulden ("Plaintiff") then filed the pending Motion, requesting reasonable attorney's fees, an order prohibiting Defendant Bentley from introducing certain matters into evidence, and an order striking the pleadings of Defendant Bentley and rendering a judgment by default in favor of Plaintiff. On February 24, 2009, this Court ordered Defendant Bentley, or a newly obtained legal representative, to appear before the Court for a hearing on March 6, 2009, to show cause why Plaintiff's Motion should not be granted against him.

Neither Defendant Bentley nor a legal representative for Defendant Bentley appeared at the March 6 Hearing.  At the Hearing, Plaintiff requested that, in lieu of the relief requested in the Motion, the Court issue a writ of body attachment.  Specifically, Plaintiff requested that the Court find Defendant Bentley in contempt, give Plaintiff ten days to attempt to contact Defendant Bentley, and, if Plaintiff's attempts to contact Defendant Bentley prove unfruitful, grant a writ of body attachment.  Plaintiff's counsel stated that Plaintiff would prefer this relief as opposed to a default judgment because the deposition of Defendant Bentley is necessary, as it is pertinent to the other Defendants.

## II.  MOTION FOR CONTEMPT

Federal Rule of Civil Procedure 37(b)(1) provides that "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."  Further, the Supreme Court has recognized that "[i]f a litigant fails to comply with a request for discovery, the court may issue an order directing compliance that is enforceable by the court's contempt powers."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984).  However, the Eighth Circuit has found that an order of contempt may not be entered until after the court enters an order compelling discovery.  *Schleper v. Ford Motor Co., Auto. Div.*, 585 F.2d 1367, 1371 (8th Cir. 1978).

This Court has given Defendant Bentley numerous opportunities to respond to Plaintiff's requests for discovery, but he has repeatedly failed to do so.  Defendant Bentley not only failed to attend two separate depositions, one of which was ordered and set by this Court, but he also failed to attend the March 6 Contempt Hearing held by this Court   He has acted in clear violation

of this Court's Orders and, thus, the Court finds him in Civil Contempt of Court, pursuant to the Court's authority under Federal Rule of Civil Procedure 37(b).

## III. WRIT OF BODY ATTACHMENT

The Federal Rules of Civil Procedure provide that "[a]n order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced *in any district*." Fed. R. Civ. P. 4.1(b) (emphasis added). In this case, Plaintiff's claims arise under federal law, specifically 42 U.S.C. § 1983 and the Fourteenth Amendment. *See* Plaintiff's First Amended Complaint [doc. #38]. As a result, this Court may issue an order committing Defendant Bentley for civil contempt in any district. *See, e.g.*, *SEC v. Res. Dev. Int'l L.L.C.*, 86 F.App'x 14 (5th Cir. 2003) (upholding petitioners' incarcerations for civil contempt because the case involved alleged violations of federal securities laws and, thus, contempt orders could be properly served in any district); *SEC v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001) (ordering incarceration of defendant in Florida due to his failure to comply with temporary purgation requirements); *cf. Spectacular Venture L.P. v. World Star Int'l, Inc.*, 1998 WL 401535 (S.D.N.Y. July 17, 1998) (finding that court is unable arrest defendant for civil contempt because the case was based on diversity jurisdiction, not federal law, and defendant was located outside the jurisdiction of the court).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nathan Bentley is found in Civil Contempt of this Court. Defendant Bentley may purge himself of this contempt by submitting to a deposition by Plaintiff's counsel within ten (10) days of this Order, by March 23, 2009.

**IT IS FURTHER ORDERED** that if Defendant Bentley fails to submit to a deposition by March 23, 2009, as set forth in this Order, this Court will enter an order requiring that his body be seized by the United States Marshals Office for the Eastern District of Kentucky. Defendant Bentley shall remain incarcerated until the completion of his deposition.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Compel and for Sanctions Against Defendant Nathan Bentley and for Contempt [doc. #56] is **held in abeyance**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order by regular and certified mail, return receipt requested, to Defendant Nathan Bentley, at the following address: 9294 U.S. Highway 23 South, Pikeville, KY 41501.

Dated this <u>12th</u> Day of <u>March</u>, 2009.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE