UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEAN GAULDEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:07CV01637 ERW |
| CITY OF DESLOGE, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine [doc. #102], Defendants' Motion in Limine [doc. #107], and Plaintiff's Motion for Sanctions for Spoliation of Evidence [doc. #109]. A hearing was held on May 1, 2009, and the Court heard arguments from the Parties on these Motions.

"The denial of a motion in limine does not generally preserve error for appellate review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007). The Court is willing to reconsider the decisions enumerated below, and as a result this is not a definitive ruling, and an objection must be made "to preserve a claim of error for appeal." *Olson v. Ford Motor Co.*, 481 F.3d 619, 629 (8th Cir. 2007).

**I.    PLAINTIFF'S MOTION IN LIMINE**

In her Motion in Limine, Plaintiff requested that the Court exclude various topics or items of evidence. The Court will address each, in turn.

A.   USE OF ALCOHOL OR DRUGS (Nos. 1 and 2)

Evidence of Plaintiff's use of alcohol on September 25, 2004 will be admissible. Specifically, the Court finds the following to be admissible: statements made by EMTs regarding the smell of alcohol on Plaintiff's breath; information contained within medical records regarding Plaintiff's blood alcohol content and her statement that she consumed two beers; and any other evidence of the consumption of alcohol by Plaintiff on September 25, 2004. Plaintiff's prior abuse of alcohol and drugs may be relevant to the issue of damages for emotional distress, however this specific evidence must not be offered until the Court rules that such past abuse is relevant, in connection with any expert testimony that may be offered.

B.   HEARSAY STATEMENTS CONTAINED IN THE DESLOGE POLICE DEPARTMENT INCIDENT REPORT (No. 3)

Defendants agree that the first statement attributed to Jason Adams in the Incident Report is hearsay, and they agree that they will only use the statement "if necessary in case of witness forgetfulness, impeachment, or to rebut a suggestion of recent fabrication." (Defs.' Response, doc. #113, p.3). As to the second statement attributed to Jason Adams and Nathan Bentley regarding Plaintiff's dogs, the Court makes no in limine ruling, but will rule at the time such evidence is proffered, if it is proffered at trial.

C.   DESLOGE POLICE DEPARTMENT ARREST REPORT (No. 4)

At this time, the Court is unable to rule the admissibility of the Desloge Police Department Arrest Report. Portions of the Report are likely relevant and will likely be admissible, depending upon Plaintiff's testimony of assault by officers at the Desloge Police Station.

### D. HEARSAY STATEMENTS OF ALLEGED WITNESSES (No. 5)

Defendants agree that the hearsay statements of alleged witnesses challenged by Plaintiff are hearsay, and they agree that they would only be used "in case of potential witness recollection refreshment or impeachment, or to rebut a charge of recent witness fabrication." (Defs.' Response, doc. #113, p.4). Thus, Plaintiff's Motion as to hearsay statements of alleged witnesses is sustained, upon confession by Defendants of the Motion.

### E. PLAINTIFF'S FITNESS FOR CONFINEMENT (No. 6)

The Court will not make a final ruling regarding evidence of Plaintiff's fitness for confinement until the evidence is adduced at trial. In the event that the September 25, 2004 Fit for Confinement report is proffered only to show Defendants' concern for Plaintiff, it will likely be excluded.

### F. DEFENDANTS' AFFIDAVITS IN SUPPORT OF SUMMARY JUDGMENT (No. 7)

Defendants agree that their affidavits offered in support of their Motion for Summary Judgment are hearsay, and they agree that they would only be used "in case of potential witness forgetfulness or impeachment, or to rebut a claim of recent witness fabrication." (Defs.' Response, doc. #113, p.4). Thus, Plaintiff's Motion as to Defendants' affidavits in support of Summary Judgment is sustained, upon confession by Defendants of the Motion.

### G. LATER INCIDENTS INVOLVING PLAINTIFF (Nos. 8, 9, and 10)

Plaintiff seeks to exclude evidence related to the November 10, 2004 incident at the Desloge Dog Pound, the November 10, 2005 incident at Ms. Gaulden's home, and the December 6, 2004 arson incident. Since Plaintiff has placed at issue psychological damages and emotional

distress, evidence of incidents on November 10, 2004 at the Desloge Dog Pound, November 10, 2005 at Plaintiff's home, and December 6, 2004 involving alleged arson, will likely be admissible. Thus, Plaintiff's Motion as to these incidents is overruled.

### H. BOOKING REPORT/JAIL RECORDS (No. 11)

Defendants have recognized that the Booking Report and Jail Records challenged by Plaintiff will most likely not be introduced, but have been "identified for use in case of witness forgetfulness or impeachment, or to rebut a claim of recent witness fabrication." (Defs.' Response, doc. #113, p.6). Thus, the Court will sustain Plaintiff's Motion as to the Booking Report and Jail Records.

### I. PLAINTIFF'S PLEA OF GUILTY TO ATTEMPTED ARSON (No. 12)

Plaintiff may be cross-examined concerning prior convictions. However, there should be no attempt by Defendants to mention her convictions independently of the cross-examination use, without prior Court order.

### J. BLACK AND WHITE PHOTOSTATIC COPIES OF PLAINTIFF'S INJURIES (No. 13)

Defendants have agreed that they will substitute the provided color photographs for the black and white photostatic copies. Further, the Court finds that the color photographs of Plaintiff's alleged injuries will likely be admitted, upon proper foundation.

### K. POWER OF ATTORNEY, A&A AMERICAN FREEDOM BAIL BONDING (No. 14)

The Court will make no in limine ruling regarding the admissibility of evidence related to the Power of Attorney, A&A American Freedom Bail Bonding. The issue is reserved for trial.

4

### L. TRAINING OF PLAINTIFF'S DOGS TO ATTACK (No. 15)

Any statements by Plaintiff concerning commands to her dogs are relevant and likely admissible. Plaintiff's statements to others regarding the training of her dogs to attack are admissions and are likely admissible. Issues concerning statements of Plaintiff to third parties regarding the training of her dogs to attack are hearsay and are likely excludable.

### M. PLAINTIFF'S MEDICAL BILLS (No. 16)

Defendants recognize the effect of the collateral source rule. No other in limine rulings concerning Plaintiff's medical bills will be made at this time.

## II. DEFENDANTS' MOTION IN LIMINE and PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

In their Motion in Limine, Defendants requested that the Court exclude three categories of evidence. At the May 1, 2009 hearing, Defendants requested that the Court hold their Motion in abeyance with respect to the second category, regarding Plaintiff's alleged medical or psychological treatment, records, or bills. The Court will hold such Motion in abeyance, as requested. Further, this Court has already made a conclusion regarding the third category of evidence, regarding the color photographs of Plaintiff's alleged injuries. (See Section I(J), above).

Thus, the only remaining challenge of Defendants is their first category, regarding evidence of alleged spoliation of, or tampering with, evidence by Defendants. This is also the subject of Plaintiff's Motion for Sanctions for Spoliation of Evidence. Based upon the proffered evidence, it is likely that the Court will not be giving an adverse jury instruction, as requested by

Plaintiff in her Motion for Sanctions. The Parties may, however, offer evidence concerning the camera location and the management of the tapes.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [doc. #102] is **GRANTED, in part**, and **DENIED, in part**, as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine [doc. #107] is **GRANTED, in part**, and **DENIED, in part**, as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions for Spoliation of Evidence [doc. #109] is **held in abeyance**.

**IT IS FURTHER ORDERED** that the Court will hold a hearing regarding the deposition designations and counter-designations on **Wednesday, May 6, 2009**, at **9:00 a.m.**, in Courtroom 12S.

Dated this 4th Day of May, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE