UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEAN GAULDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV01637 ERW |
| ) | |
| CITY OF DESLOGE, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Order of Payment of Transcript Costs by the United States [doc. #143].

On September 20, 2007, Plaintiff Jean Gaulden ("Plaintiff") filed a lawsuit against various Defendants, which arose out of her September 25, 2004 arrest. She alleged various violations of her civil rights and asserted a supplemental state law claim of assault and battery. Several of Plaintiff's claims were dismissed with prejudice by this Court's April 16, 2009 Memorandum and Order and Judgment. The remaining claims were resolved in a Jury Trial, which was held on May 11, 12, and 13, 2009. On the final day of trial, the Jury returned a verdict in favor of the remaining Defendants Brandon Scherffius, Gary Gerstenschlager, and Nathan Bentley.

Plaintiff has been granted leave to proceed in forma pauperis in this matter and requests a free copy of the trial transcript necessary for the appellate proceedings. The Federal Rules of Appellate Procedure require that a transcript be requested by the appellant and provided to the court on appeal. Fed. R. App. P. 10(b). The failure to file a copy of the transcript on appeal "raises an effective barrier to informed, substantive appellate review." *Buck v. Brackett*, 181 Fed.

Appx. 712, 715 (10th Cir. 2006) (internal quotations omitted). 28 U.S.C. § 753(f) provides, in pertinent part, "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Thus, a plaintiff "may obtain a transcript at government expense under 28 U.S.C. § 753(f) if: (1) he is permitted to proceed in forma pauperis; (2) moves for a transcript; and (3) demonstrates that the appeal is not frivolous." *Garner v. Johnson*, 12 Fed. Appx. 862, 864 (10th Cir. 2001) (internal quotations omitted).

In considering the research completed with respect to the pending motion, particularly the frivolity standard, the Court has realized that it erroneously granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal. In granting this Motion, the Court only considered Plaintiff's finances, without considering whether her appeal was in good faith. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith when the appellant "seeks appellate review of any issue not frivolous," as judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). More specifically, in finding that an appeal is not made in good faith, a court must determine "not merely that the appeal lacks merits, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Liles v. S.C. Dep't of Corr.*, 414 F.2d 612, 614 n.1 (4th Cir. 1969). "Additionally, an appeal is properly denied as lacking the requisite good faith where there is a clear indication that the conduct of an indigent appellant amounts to a deliberate harassment of the courts or an intentional abuse of the judicial process." *Id.*

2

Applying this objective standard, the Court finds that Plaintiff's appeal is not made in good faith. It became abundantly clear to the Court throughout the course of trial that Plaintiff was being untruthful in her testimony. The evidence was convincing that Plaintiff was intoxicated at the time of the events at issue in this case and told multiple conflicting versions of what happened on the evening of September 25, 2004. She clearly brought her lawsuit against the Defendants for the purpose of harassing them and permitting Plaintiff's appeal of the case would merely further that harassment. The Court will not tolerate such behavior and, more importantly, will not require the public to assume the costs of this "wholly uncalled-for" litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948) ("We know of few more appropriate occasions for the use of a court's discretion that one in which a litigant, asking that the public pay costs of his litigation either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense."). Thus, the Court finds that Plaintiff's appeal is not taken in good faith, and thus may not be taken in forma pauperis.

Because this Court has determined that Plaintiff will not be permitted to appeal in forma pauperis, she is not qualified to have the fees for her transcript paid by the United States under 28 U.S.C. § 753(f). *See also Garner v. Johnson*, 12 Fed. Appx. 862, 864 (10th Cir. 2001). Thus, her Motion for Order of Payment of Transcript Costs by the United States [doc. #143] will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's June 15, 2009 Order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal is **REVOKED**. Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal [doc. #137] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order of Payment of Transcript Costs by the United States [doc. #143] is **DENIED**.

Dated this 10th Day of July, 2009.

*(signature)*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE